# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **LECRISTAL HOWARD,** *Plaintiff,* v. **GOLDEN AGE OAK VIEW HOME LLC,** *Defendant.* | **CIVIL ACTION NO.** **5:23-cv-00454-TES** |

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Golden Age Oak View Home LLC's Motion to Dismiss [Doc. 3] pro se Plaintiff Le Cristal Howard's claims brought under 42 U.S.C. § 2000e *et seq.* ("Title VII") and 42 U.S.C. § 1981. In support of dismissal, Defendant contends that Plaintiff's claims are untimely and insufficiently pled. *See generally* [Doc. 3-1]. Defendant argues in the alternative that most of Plaintiff's claims under Title VII should be dismissed because she failed to exhaust her administrative remedies. [*Id.*]. Whether Plaintiff's claims are timely or sufficiently pled, the Court concludes that this case is subject to dismissal under the doctrine of res judicata.

## BACKGROUND[1]

Defendant employed Plaintiff as a registered nurse and Education Coordinator from May 12, 2017, until December 2, 2021. [Doc. 1, pp. 2–3, ¶¶ 8, 13]. At some point,[2] Plaintiff requested a medical exemption from Defendant's COVID-19 vaccine requirement "due to [her] history of Guillain Barre Syndrome from the influenza vaccine." [*Id.* at p. 3, ¶ 9]. "In fear of losing her job, [P]laintiff took the Pfizer vaccine in October," and "had adverse reactions, including numbness in her hands and feet, short term and long-term memory problems, generalized joint pain, nausea, and diarrhea." [*Id.* at ¶¶ 11–12]. On November 22, 2021, apparently after Plaintiff took the COVID-19 vaccine, Defendant denied Plaintiff's request for a medical exemption. [*Id.* at ¶ 10].

Defendant required Plaintiff to take a second COVID-19 vaccine by December 2, 2021. [*Id.* at p. 3, ¶ 13]. Following unspecified "medical advi[c]e," Plaintiff declined to do so. [*Id.*]. As a result, on December 2, 2021, Plaintiff "was advised . . . that she had to go home." [*Id.*]. Plaintiff "never received a separation notice or letter stating her last day of employment." [*Id.* at p. 4, ¶ 15].

Plaintiff commenced proceedings with the Equal Employment Opportunity

---

[1] Unless otherwise noted, the following facts are taken from Plaintiff's Complaint [Doc. 1]. The Court assumes these facts to be true for the purpose of ruling on the pending Motion. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

[2] Plaintiff states in her Complaint that she submitted this exemption on September 13, 2023, but the Court takes that to be a scrivener's error since the events underlying her Complaint span from May 2017 until December 2021. [Doc. 1, p. 3, ¶ 9].

Commission ("EEOC") on May 31, 2022. [*Id.* at p. 2, ¶ 7]. The EEOC issued Plaintiff a "no-cause" determination and notice of right to sue on November 15, 2022. [*Id.*].

Plaintiff filed suit seeking to litigate this same claim for the first time on February 13, 2023, in the Superior Court of Jones County, Georgia, and Defendant removed that action to this Court on March 27, 2023. *See* Notice of Removal at 1, *Howard v. Golden Age Oak View Home, LLC*, No. 5:23-CV-00110-TES (M.D. Ga. Mar. 27, 2023), ECF No. 1. Defendant filed a Motion for a More Definite Statement, but Plaintiff did not respond. Order of Dismissal at 1, *Howard v. Golden Age Oak View Home, LLC*, No. 5:23-CV-00110-TES (M.D. Ga. May 11, 2023), ECF No. 5. The Court granted Defendant's Motion for a More Definite Statement and ordered Plaintiff "to file a pleading that meets the basic requirements of the Federal Rules of Civil Procedure" by May 9, 2023. *Id.* at 4. "Again, [Plaintiff] did not respond in any way." *Id.* at 5. Accordingly, after reviewing the pleading deficiencies in Plaintiff's previous case as well as the applicable law, the Court dismissed the case with prejudice. *See generally id.*[3]

Plaintiff filed this suit on November 13, 2023, seeking to litigate this claim for a

---

[3] In its Motion, Defendant states that "the Court dismissed [Plaintiff's previous case] without prejudice." [Doc. 3-1, p. 2]. However, the Court's Order dismissing Plaintiff's previous case states, without further elaboration, "the Court . . . **DISMISSES** Plaintiff's Complaint." Order of Dismissal at 7, *Howard*, No. 5:23-CV-00110-TES (M.D. Ga. May 11, 2023), ECF No. 5. Under Federal Rule of Civil Procedure 41(b), an involuntary dismissal "operates as an adjudication on the merits" "[u]nless the dismissal order states otherwise." Although the Eleventh Circuit recently instructed that "it is a best practice for district courts to err on the side of clarity and indicate whether prejudice has attached," the rule governing this matter is well established. *Dupree v. Owens*, 92 F.4th 999 (11th Cir. 2024); *see* Fed. R. Civ. P. 41(b). Because "the dismissal order [did not] state[] otherwise," it "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

3

second time. *See generally* [Doc. 1]. On February 19, 2024, Defendant filed this Motion to Dismiss. [Doc. 3].

## DISCUSSION

### A.   Legal Standard

When ruling on a 12(b)(6) motion, district courts must accept the facts set forth in the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). A complaint survives a motion to dismiss only if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). In fact, a well-pled complaint "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (citations omitted).

Although Federal Rule of Civil Procedure 8 does not require detailed factual allegations, it does require "more than [ ] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *McCullough*, 907 F.3d at 1333 (citation omitted). To decide whether a complaint survives a motion to dismiss, district courts are instructed to use a two-step framework. *Id.* The first step is to identify the allegations that are "no more than conclusions." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Conclusory allegations are not entitled to the assumption of truth." *Id.* (citation omitted). After disregarding the conclusory allegations, the second step is to "assume any remaining factual allegations

are true and determine whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Furthermore, a complaint attacked by a 12(b)(6) motion is subject to dismissal when it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. "A plaintiff must plead more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *McCullough*, 907 F.3d at 1333 (internal quotations omitted); *see also Twombly*, 550 U.S. at 555. "To be sure, a plaintiff may use legal conclusions to structure his complaint, but legal conclusions 'must be supported by factual allegations.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 679). While courts, in ruling on a motion to dismiss, must take all of the factual allegations in the complaint as true; they are not bound to accept a legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678. Courts must "identify conclusory allegations and then discard them—not 'on the ground that they are unrealistic or nonsensical' but because their conclusory nature 'disentitles them to the presumption of truth.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 681).

The issue to be decided when considering a motion to dismiss is not whether the claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scheuer*, 468 U.S. 183 (1984). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot

"merely create a suspicion of a legally cognizable right of action." *Twombly*, 550 U.S. at 545, 555 (cleaned up). Finally, complaints that tender "'naked assertion[s]' devoid of 'further factual enhancement'" will not survive against a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Stated differently, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556.

Additionally, an action barred by res judicata or collateral estoppel is properly dismissed for failure to state a claim pursuant to Rule 12(b)(6). *See Brown v. One Beacon Ins. Co.*, 317 F. App'x 915, 918 (11th Cir. 2009) (per curiam) (citation omitted) ("The district court properly dismissed the action under Rule 12(b)(6) as barred by the doctrine of res judicata[.]"); *McIntyre v. JPMorgan Chase Bank, NA*, No. 1:14-CV-04017-MHC-JFK, 2015 WL 11422303, at *5 n.8, *8 (N.D. Ga. Mar. 23, 2015) (dismissing plaintiff's complaint with prejudice under Rule 12(b)(6) based on the doctrines of res judicata and collateral estoppel).

Finally, although courts construe complaints filed by pro se litigants liberally and hold their allegations to a less stringent standard than formal pleadings drafted by lawyers, pro se pleadings must still pass muster under well-established standards. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). The Court may not "serve as *de facto* counsel for a party . . . [or] rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other*

*grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).

With the foregoing standards in mind, and taking the facts asserted in Plaintiff's Complaint as true, the Court rules on Defendant's Motion to Dismiss.

**B.      Defendant's Motion to Dismiss**

Plaintiff asserts her claim for "wrongful termination" and specifically states that she is bringing "this action pursuant to [Title VII] and 42 U.S.C. [§] 1981." [Doc. 1, p. 1, ¶ 2]. Defendant contends that Plaintiff's claims should be dismissed because they are insufficiently pled, because Plaintiff failed to timely file her Complaint within 90 days of receipt of the EEOC's right-to-sue letter, and because Plaintiff failed to exhaust her administrative remedies. *See generally* [Doc. 3]. In her Response, Plaintiff elaborates on her claims but fails to address the arguments Defendant raises in its Motion. *See* [Doc. 6]. Having reviewed the record in this case, the Court first considers whether Plaintiff's claims are barred by the applicable statutes of limitations or the doctrine of res judicata.

   **1.      Statutes of Limitations**

Having reviewed Plaintiff's claims and the relevant statutes of limitations, the Court finds that at least one of Plaintiff's claims under § 1981 is timely. *See* 28 U.S.C. § 1658(a). The Court further finds that all of Plaintiff's claims under Title VII are time-barred. 42 U.S.C. § 2000e-5(f)(1).

First, although it is possible that some of Plaintiff's claims under § 1981 are time-

7

barred, at least one is timely. Plaintiff astutely points out in her Response that her claims under § 1981 are subject to a four-year statute of limitations. [Doc. 6, p. 9]. Federal law provides a four-year statute of limitations for "civil action[s] arising under an Act of Congress enacted after [December 1, 1990]." 28 U.S.C. § 1658(a). In 1991, "Congress amended § 1981 to broaden the definition of the term 'make and enforce contracts'" to "cover[] post-formation conduct, such as the imposition of discriminatory working conditions." *Grimes v. Bd. of Regents of Univ. Sys. of Ga.*, 650 F. App'x 647, 651 (11th Cir. 2016). Plaintiff's claims that her employer's post-formation conduct violated her civil rights fit squarely into the broadened definition of the term "make and enforce contracts" in § 1981. *See* 42 U.S.C. § 1981(b). Thus, her claims are "cognizable [under § 1981] only because of the 1991 amendment" and are therefore governed by 28 U.S.C. § 1658(a)'s four-year statute of limitations. *Grimes*, 650 F. App'x at 651; 28 U.S.C. § 1658(a); *see* [Doc. 6, p. 9].

Although it is not clear from the face of Plaintiff's Complaint exactly when she alleges that each event occurred, she clearly alleges that her wrongful termination occurred on December 2, 2021. [Doc. 1, p. 3, ¶ 13]. Plaintiff filed this action less than two years later, on November 13, 2023, well within § 1981's four-year statute of limitations. *See* 28 U.S.C. § 1658(a); *see generally* [*id.*]. Thus, at least some of Plaintiff's § 1981 claims are timely.

As for Plaintiff's Title VII claims, Defendant contends that they should be dismissed because Plaintiff failed to bring them within 90 days after she received her right-to-sue letter from the EEOC. *See* [Doc. 3-1, p. 5]. "Where the EEOC chooses not to prosecute a charge of discrimination filed by a complainant, it 'shall so notify the [complainant] and within 90 days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . .'" *Gant v. Jefferson Energy Co-op.*, No. CV 108-124, 2008 WL 5046220, at *2 (S.D. Ga. Nov. 24, 2008) (quoting 42 U.S.C. § 2000e-5(f)(1)), *aff'd*, 348 F. App'x 443 (11th Cir. 2009). "A Title VII action may not be brought more than 90 days after the EEOC notices a complainant of [their] right to file a lawsuit." *Id.* According to Plaintiff's Complaint, the EEOC "issued a 'no-cause' determination and notice of right to sue to Plaintiff on November 15, 2022," giving her until February 13, 2023, to file suit. [Doc. 1, p. 2, ¶ 7]. Plaintiff filed this action on November 13, 2024—nine months too late. *See Gant*, 2008 WL 5046220, at *2.

Moreover, Georgia's renewal statute—O.C.G.A. § 9-2-61—does not extend Title VII's limitations period. In her Complaint, Plaintiff states that "[t]his is a renewal civil action," suggesting that she may have filed this action under the authority of Georgia's renewal statute. [Doc. 1, p. 1, ¶ 1]; *see* O.C.G.A. § 9-2-61. Under the renewal statute, where a plaintiff brings a case within the statute of limitations and that case is dismissed, the plaintiff may refile within six months, so long as the case has not been adjudicated on the merits. O.C.G.A. § 9-2-61; *Swartzel v. Garner*, 387 S.E.2d 359, 360 (Ga.

9

Ct. App. 1989). However, Georgia's renewal statute has no bearing on the limitations period governing Plaintiff's Title VII claims.

State law "define[s] the time limitation applicable to a federal claim *only* when Congress has failed to provide a statute of limitations for a federal cause of action.'" *Roberts v. Georgia*, 228 F. App'x 851, 853 (11th Cir. 2007) (quoting *Phillips v. United States*, 260 F.3d 1316, 1318 (11th Cir. 2001)) (emphasis added). One an employee receives notice of their right to sue, Congress provides a 90-day window for them to assert their Title VII claims in court, and that is the limitations period that governs Plaintiff's Title VII claims. *See* 42 U.S.C. § 2000e-5(f)(1). Thus, Plaintiff cannot renew her Title VII-based claims via Georgia's renewal statute. Accordingly, the Court **DISMISSES** Plaintiff's claims under Title VII because they are time-barred. *See* 42 U.S.C. § 2000e-5(f)(1).

Having found at least some of Plaintiff's § 1981 claims are not time-barred, the Court next considers whether her claims are precluded by the doctrine of res judicata.

## 2.    Res Judicata

The Court has reviewed Plaintiff's Complaint alongside another case Plaintiff filed in March 2023, and it concludes that all of Plaintiff's claims are precluded by the doctrine of res judicata. Even if Plaintiff had brought these claims in a timely manner, and even if Plaintiff pled sufficient facts under the Federal Rules of Civil Procedure, this Court has already dismissed this action with prejudice once before. *See* Order of Dismissal at 7, *Howard*, No. 5:23-CV-00110-TES (M.D. Ga. May 11, 2023), ECF No. 5.

"Res judicata is a judicially crafted doctrine, created to provide finality and conserve resources." *Maldonado v. U.S. Att'y Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011) (citing *Eastman Kodak Co. v. Atlanta Retail, Inc.*, 456 F.3d 1277, 1284 (11th Cir. 2006)). "Res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) (citing *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990)). Prior litigation bars claims when four elements are present: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Id.*

Dismissals for failure to prosecute or to comply with the rules or orders of a court operate as an adjudication on the merits. *See* Fed. R. Civ. P. 41(b). "However, this rule is not always dispositive of the 'adjudication on the merits' element of res judicata." *Tuitama v. Bank of Am., N.A.*, 552 F. App'x 881, 883 (11th Cir. 2014) (quoting *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 503 (2001)). Although Rule 41 may not *always* mandate a dismissal under it as an adjudication on the merits, Eleventh Circuit precedent (emanating from the former Fifth Circuit) does. The former Fifth Circuit's binding case law dictates that any dismissal for failing to prosecute one's case serves as an adjudication on the merits with preclusive effect. *Id.* (citing *Bierman v.*

*Tampa Elec. Co.*, 604 F.2d 929, 930–31 (5th Cir. 1979)).[4]

Here, we have a clear case of claim preclusion. This very Court properly dismissed Plaintiff's claims for, among other things, failure to prosecute her action under Federal Rule of Civil Procedure 41(b). *See* Order of Dismissal at 7, *Howard*, No. 5:23-CV-00110-TES (M.D. Ga. May 11, 2023), ECF No. 5. To begin, at least for purposes of claim preclusion, that dismissal operated as a final judgment on the merits. *See supra* note 3. Second, this Court properly had jurisdiction to enter that order. Third, the parties are identical in both actions—Lecristal Howard as the Plaintiff and Golden Age Oak View Home, LLC, as the Defendant. *Compare* [Doc. 1], *with* Notice of Removal at 1, *Howard*, No. 5:23-CV-00110-TES (M.D. Ga. Mar. 27, 2023), ECF No. 1. And fourth, the wrongful termination cause of action is the same in both cases, and Plaintiff used a nearly identical complaint in both cases as well. Although Plaintiff did not bring discrimination and retaliation claims in the first case, those claims "could have been raised in an earlier proceeding" and are thus barred. *Ragsdale*, 193 F.3d at 1238. As such, the Court finds that the doctrine of res judicata bars Plaintiff from bringing this action.

C. **State Law Claims**

It appears to the Court that Plaintiff may have attempted to raise State law claims

---

[4] "[T]he decisions of the United States Court of Appeals for the Fifth Circuit (the 'former Fifth' or the 'old Fifth'), as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for [the court of appeals], the district courts, and the bankruptcy courts . . . ." *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

in addition to her claims under federal law. *See, e.g.*, [Doc. 1, p. 3, ¶ 14 (alleging defamation)]. Because the Court finds that each of Plaintiff's federal claims must be dismissed, the Court declines to exercise pendant jurisdiction over Plaintiff's remaining state law claims. 28 U.S.C. § 1367(c)(3).

## CONCLUSION

Plaintiff's Title VII claims are untimely and her remaining claims are precluded by the doctrine of res judicata. Having disposed of all federal claims, the Court declines to exercise pendant jurisdiction over any state law claims that may have been raised. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss [Doc. 3]. *See Ragsdale*, 193 F.3d at 1238; 42 U.S.C. § 2000e-5(f)(1).

**SO ORDERED**, this 23rd day of March, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**